PER CURIAM.
In this workers’ compensation case, the employer/carrier (E/C) argues the Judge of Compensation Claims (JCC) erred in finding Claimant’s thoracic aortic disease compensable under section 112.18(1), Florida Statutes (2007), because the condition is not “heart disease.” Contrary to the E/C’s assertions and arguments, the evidence in this case demonstrates that Claimant, as a result of his aortic disease, underwent open heart surgery, including heart catheterization, re-implantation of the aortic valve, replacement of the ascending aorta, and reattachment of the coronary arteries. Moreover, Claimant’s independent medical examiner, a cardiologist, testified the condition in question qualifies as heart disease. The E/C argues, however, because the ascend *116 ing aorta is not “in the heart,” it cannot be considered heart disease under any available definition. One of the most fundamental tenets of statutory construction requires that the courts give statutory language its plain and ordinary meaning, unless words are defined in the statute or by the clear intent of the Legislature. Reform Party of Fla. v. Black, 885 So.2d 303, 312 (Fla.2004). When necessary, the plain and ordinary meaning of words can be ascertained by reference to a dictionary. Id.
“Heart disease,” although not defined by the Legislature, is defined by Dorland’s Illustrated Medical Dictionary[1] (29th ed.), as “any organic, mechanical, or functional abnormality of the heart, its structures, or the coronary arteries.” The ascending aorta is one of the structures of the heart. See Dorland’s Illustrated Med. Dictionary 791 (29th ed. 2003). Moreover, here, Claimant underwent re-implantation of the aortic valve, which is one of the four major valves of the heart. See Id. at 790. The 1996 Florida Uniform Permanent Impairment Rating Schedule (enacted pursuant to section 440.15(3)(b)) provides for a rating for “Valvular Heart Disease.” See 1996 Fla. Uniform Permanent Impairment Rating Schedule, p. 76 (Valvular Heart Disease). Accordingly, although under a different set of facts this court might be called upon to provide a more exacting definition of “heart disease,” to exclude conditions which are not properly designated as such, here, it is clear that Claimant’s aortic disease is a condition which can reasonably be classified as heart disease, and competent substantial evidence in the record supports the JCC’s findings in this regard. Moreover, because the E/C does not present a cognizable legal basis for reversal, other than anecdotally arguing the positional, and prepositional, relationship of Claimant’s condition to his “actual heart,” we affirm the JCC’s finding that Claimant’s thoracic aortic disease is compensable.
In its second point on appeal, the E/C argues the JCC erred by denying “without prejudice” the compensability of Claimant’s hypertension, and urges that the denial should be with prejudice. Here, Claimant did not file a claim for compensa-bility of hypertension, and in closing argument (before the JCC) specifically disavowed any such claim. Accordingly, we strike from the order any findings and conclusions regarding the compensability of Claimant’s hypertension. See generally Lawrence v. Aquarius Sales & Serv., Inc., 30 So.3d 690 (Fla. 1st DCA 2010) (modifying order by striking JCC’s findings on issue not pled below, and affirming as modified).
The order is hereby AFFIRMED as modified.
BENTON, THOMAS, and ROWE, JJ„ concur.

. The Florida Supreme Court, in Cash v. Universal Rivet, Inc., 616 So.2d 446 (Fla.1993), relied on Dorland’s Illustrated Medical Dictionary (27th ed. 2003) in defining "prosthetic device” for purposes of the Workers’ Compensation Law.